**SACKHEIM v. HARDEY et al.　(No. 8151.)**

(Court of Civil Appeals of Texas.　Galveston.
March 2, 1922.)

Dismissal and nonsuit ⚖️81 (6)—Dismissal
after setting and entry of rule for costs held
erroneous.

Where a court, to which a cause was transferred on defendants' plea of privilege, set the case for trial, without notice to plaintiff, only two days after entering a rule for costs, which under Rev. St. art. 2050, entitled plaintiff to a continuance to the next term, and, on motion of only 4 of 16 defendants, of whom only 8 had notice of the setting, dismissed the suit on plaintiff's failure to appear, its refusal to reinstate the case was an abuse of discretion, in the absence of negligence justifying dismissal.

Error from District Court, Wharton County; M. S. Munson, Judge.

Action by G. Sackheim against F. J. Hardey and others.　Judgment for defendants dismissing the suit, and, from an order overruling plaintiff's motion to reinstate, plaintiff brings error.　Reversed and remanded, with instructions to reinstate.

Atkinson & Atkinson, of Houston, for plaintiff in error.

PLEASANTS, C. J.　Plaintiff in error brought this suit in the district court of Harris county against defendants in error, F. J. Hardey, W. J. Hefner, T. Gordon, J. W. Webb, Will Finkelstein, Sam Bishkin, Max Bishkin, J. Keilin, William Preismyer, A. M. Smith, J. M. Swartz, J. W. Robinowitz, Meyer Osherovsky, J. A. Blum, J. Bass, and N. K. Marshall, to recover damages for the alleged unlawful and forcible conversion by the defendants of personal property owned by plaintiff in the county of Wharton, and for unlawfully and wrongfully causing the arrest and confinement of plaintiff in the county jail of Wharton county upon a charge of vagrancy, and for forcibly compelling the plaintiff, by threats of prosecution and personal injury, to leave the county of Wharton. It is alleged that all of said acts were committed by the defendants in pursuance of a conspiracy entered into by them.

The residence of the defendant Hardey is alleged in the petition to be in Harris county, and that of all of the other defendants in Wharton county.　This petition was filed on the 10th day of April, 1920.　It appears from the record that at some date subsequent to the 8th day of June, 1920, the district court of Harris county sustained a plea of privilege, filed by the defendants to have the case tried in Wharton county.　The proceedings on the hearing of this plea are not disclosed by the record, nor is the date of the judgment sustaining the plea shown.

The first term of the district court of Wharton county after the cause had been transferred to that court by order of the district court of Harris county convened on November 16, 1920, and on that day, the plaintiff not being present or represented by attorneys, the cause was set for trial on November 18, 1920.　Before the cause was set for trial a rule for costs was entered on the motion of the district clerk.　On the night of November 17th the clerk wrote a letter to plaintiff at Houston, Tex., notifying him that the case was set for trial on November 18th. This letter was not, and could not have been, received by plaintiff in time for him to have been present on the day the case was set for trial.

The defendants, Hardey, Hefner, Webb, Marshall, Gordon, Keilin, Smith, and Swartz filed answers on November 18th, consisting of a general demurrer and general denial.　The other defendants filed no answer, and, so far as the record shows, made no appearance.

The plaintiff not being present when the case was called for trial, the defendants Hefner, Webb, Hardey, and Marshall filed the following motion:

"Now comes the defendants W. J. Hefner, J. W. Webb, F. J. Hardey, and N. K. Marshall in the above entitled and numbered cause by their attorneys, and move the court to dismiss this cause for want of prosecution, for the following reasons, to wit:

"1. Because said cause upon the call of the appearance docket of this court was set for trial for Thursday the 18th instant, and said plaintiff has failed to appear in person or by counsel to prosecute said cause.

"Said cause is set for damages in a large amount against defendants, and it is greatly to the interest of these defendants that same be disposed of quickly and expeditiously, as these defendants are each engaged in business, and the pendency of such damage suit is injurious and vexatious to them.

"Wherefore these defendants show the court that said plaintiff has wholly failed to appear and prosecute his said suit, and these defendants pray that same be dismissed for want of prosecution."

The court after hearing and considering this motion, made the following order:

"This day came on to be heard the above entitled and numbered cause, wherein G. Sackheim is plaintiff and F. J. Hardey, W. J. Hefner, T. Gordon, J. W. Webb, Will Finkelstein, Sam Bishkin, Max Bishkin, J. Keilin, William Preismyer, A. M. Smith, J. M. Swartz, J. W. Robinowitz, Meyer Osherovsky, J. A. Blum, J. Bass, and N. K. Marshall are defendants, and the plaintiff G. Sackheim having failed to appear and prosecute his said suit, and the defendants W. J. Hefner, J. W. Webb, F. J. Hardey, and N. K. Marshall having moved the court to dismiss said cause for want of prosecution, and the court having heard and fully considered said motion, and it appearing to the court that the said plaintiff, G. Sackheim, has

wholly failed to appear and prosecute his said suit, and that said defendants are entitled to have said cause disposed of; said motion is hereby in all things granted. It is therefore considered, adjudged, and ordered by the court, that this cause be, and the same is hereby dismissed; and that the defendants, F. J. Hardey, W. J. Hefner, T. Gordon, J. W. Webb, Will Finkelstein, Sam Bishkin, Max Bishkin, J. Keilin, William Preismyer, A. M. Smith, J. M. Swartz, J. W. Robinowitz, Meyer Osherovsky, J. A. Blum, J. Bass, and N. K. Marshall, and the officers of this court, have and recover of the said plaintiff their costs in this behalf expended, and that they have their execution."

After learning that his suit had been dismissed, plaintiff at the same term of the court filed the following motion to set aside the order of dismissal and to reinstate the suit:

"Now in the above entitled and numbered cause comes the plaintiff and moves the court to set aside the dismissal in this cause, which was made on the 18th day of November, for want of prosecution, and to reinstate the same on the docket for the following reasons:

"First. This cause was pending in this court on a transfer from the Eleventh judicial district court of Harris county, Tex., and on November 16, 1920, this cause was set for trial on November 18, 1920. That on the said 16th day of November, the clerk of this court, Mr. H. E. Moore, wrote to plaintiff, at Houston, Tex., telling him that the cause was set down for trial on the 18th, and this plaintiff did not receive said letter until about the 20th, and did not receive said letter until after the 18th, and after said cause had been dismissed.

"Second. He further says that it is his information that the letter addressed to him by the said district clerk of this court was not mailed to him until November 17, 1920, and that at the said time it was impossible for said letter to reach him in time for him to have given this case attention.

"Third. He further says that the motion to dismiss for want of prosecution was only made by W. J. Hefner, J. W. Webb, and N. K. Marshall, and that none of the other defendants joined in said motion, and that this court erred in dismissing said cause for want of prosecution as to all of said defendants, when only four of them requested that it be dismissed.

"This plaintiff further shows that he is informed that the clerk of this court, the said H. E. Moore, had entered a rule for costs in said cause, and that under the law, as this plaintiff is advised, this cause should have been continued until the next term of court under said rule, in order to give him a chance to comply therewith.

"He further shows the court that he has a meritorious cause of action herein as set forth in his plea, and that the matters contained in said petition are true, and that had he known at the time of the date of said setting he would have arranged to have been present or to have been represented by counsel.

"This plaintiff says that he lives in Houston, Tex., a distance of about 80 or 100 miles from Wharton, and that the setting of this case being made, only two days intervening between the setting and the day on which the case was set, did not give him any chance whatever to learn of the setting and make any preparation to represent himself or be represented on the trial thereof.

"Premises considered, he prays that the said order of dismissal be set aside, and that this cause be reinstated, and he prays in the alternative that, if it be not set aside as to all of said defendants, it be set aside to all of them except W. J. Hefner, J. W. Webb, F. J. Hardey, and N. K. Marshall, and he prays for such other and further relief as he may show himself entitled to receive."

This motion was sworn to by the plaintiff, and none of the facts therein stated were contradicted by the defendants. This writ of error is prosecuted from the order of the court overruling plaintiff's motion to reinstate. We think the court should have granted the motion and reinstated the suit. The rule for costs entitled plaintiff to have the cause continued to the next term, if necessary, to enable him to comply with the rule (article 2050, Revised Statutes), and we do not think after entering this rule on the first day of the term at which the suit was triable the court should have, on the same day, without plaintiff's knowledge or consent, set the case for trial two days later, and on plaintiff's failing to appear on that day have dismissed his suit. The record discloses that plaintiff had no notice of the setting of the case and it may be inferred from the fact that they made no appearance that 8 of the 16 defendants were also without notice of the setting. Only 4 of the defendants asked that the suit be dismissed, and so far as the remaining defendants are concerned the dismissal of the suit was on the court's own motion.

We realize that it is necessary for the dispatch and orderly administration of the business of the courts to give the judge the very widest discretion in the control of the docket of the court. But under the facts disclosed by this record we think it was an abuse of that discretion to refuse plaintiff's motion to reinstate the case. If the facts alleged in plaintiff's petition and sworn to by him in his motion to reinstate his suit are true, he has been grievously wronged, and we do not think he has shown such negligence in the prosecution of his suit as to justify a refusal of his right to have his case heard and determined by the courts of his country.

The judgment of the court below is reversed, and the cause remanded, with instructions to the trial court to reinstate plaintiff's suit.

Reversed and remanded, with instructions.