### CADE & LILLEY v. PHŒNIX & JACKSON. (No. 1589.)

(Court of Civil Appeals of Texas. El Paso Feb. 28, 1924. Rehearing Denied March 27, 1924.)

Costs ⊚⟞117—Condition precedent to dismissal for failure to give security stated.

Entry of a rule for costs on the minutes at the preceding term is prerequisite to authority to dismiss for failure to give security for costs as required by Rev. St. art. 2050.

Appeal from Eastland County Court, at Law; J. H. Jones, Judge.

Action by Cade & Lilley against Phœnix & Jackson. From an order of dismissal, plaintiffs appeal. Reversed and remanded.

Burkett, Orr & McCarty, of Eastland, for appellants.

Capps, Canty, Hanger & Short, E. A. McCord, and Julian B. Mastin, all of Fort Worth, for appellees.

HIGGINS, J. This is an appeal by the plaintiffs in the case from an order of dismissal.

The record discloses that the case was called for trial on December 6, 1922, whereupon the court called attention to the fact that his trial docket bore the notation "Rule for costs," and thereupon entered an order requiring the plaintiffs "to immediately and forthwith give security for all costs of court herein or to make a deposit herein sufficient to cover all costs which have or may hereafter be herein incurred." Whereupon the plaintiffs filed a motion requesting that they

be given until the next term of court in which to comply with the rule. This motion, upon the same day (Dec. 6th) was overruled and the case dismissed for failure to comply with the previous order entered at an earlier hour in the day.

The entry upon the minutes of the rule for costs is prerequisite to the authority to dismiss, and in such case the court cannot dismiss until the next term for by the express terms of the statute the plaintiff has until the first day of such term within which to comply with the rule. The record affirmatively discloses that no rule had been entered upon the minutes at the previous term and the orders made by the court on December 6th were unauthorized. Article 2050, R. S.; Shackleford v. Wallace, 4 Tex. 239; Marks v. Fields (Tex. Civ. App.) 29 S. W. 664; Sackheim v. Hardy (Tex. Civ. App.) 239 S. W. 305.

Reversed and remanded.