J. C. MINUS ET UX V. F. C. DOYLE ET AL.

No. 8006. Decided March 17, 1943.
Rehearing overruled April 21, 1943.
(170 S. W., 2d Series, 220.)

68

*R. R. Smith,* of Jourdanton, for petitioner.

It was error for the Court of Civil Appeals to hold that a cross action by defendant in partition for accounting and contribution for expenditures made for the benefit of the common estate could not be prosecuted in conjunction with a partition suit among cotenants. That court also erred in holding that the

assignments and exceptions as to misjoinder does not present a valid exception to the issue that the trial court erred as a matter of law in sustaining a plea in abatement by exception that appellant's cross action for accounting and contribution constitutes a misjoinder of action. Hendricks v. Gurley, 93 Texas 458, 54 S. W. 347; Kalteyer v. Whiff, 92 Texas 673, 52 S. W. 63.

*Moursund, Ball, Moursund & Bergstrom,* of San Antonio, for the Baders, and *Johnson & Long,* of Carrizo Springs, for the Grahams, all respondents.

Rental value of property, used and occupied by one cotenant, is an offset to his claim for expenditures for maintenance of said property. Roberts v. Roberts, 150 S. W. (2d) 236.

MR. JUDGE BREWSTER delivered the opinion of the Commission of Appeals, Section A.

This is a partition suit filed on January 13, 1941, by F. C. Doyle against the other respondents and petitioners, J. C. Minus and wife, in which it was alleged that the parties were tenants in common as to 640 acres of land in Dimmit County, as stockholders of a dissolved corporation, the J. C. Minus Land and Irrigation Company, which originally owned the land in fee simple. The corporate charter had expired by operation of law on December 7, 1937. The interest owned by each alleged cotenant was set out in the proposition that the amount of stock he owned at dissolution bore to the total outstanding capital stock. It was alleged that the corporation owned no other assets and that the land was not susceptible of partition in kind.

Minus answered adopting Doyle's allegations and then alleging that the other parties, as his cotenants in the ownership of the real property described by Doyle, "are indebted to him as a claim against said real estate which he is entitled to have allowed and adjudged herein, and which he here presents in cross action against them, in the following amounts which he paid out to preserve and improve and discharge lawful taxes against said estate." Then he specified seven items of expenditure, as follows: (1) salary paid a caretaker for the years 1934 to 1940, total, $1,680.00 "which was necessary to preserve and maintain said estate intact"; (2) franchise tax paid for the corporation for the year 1932 to 1937, total, $172.80; (3) taxes paid to Dimmit County for the years 1934 to 1940, inc., $1,-349.26, with the amount paid for each year specified; (4) capital stock tax paid for the corporation for the years 1934

and 1937, $49.04; (5) promissory notes due by the corporation to one Mrs. Perry, $1,280.50; (6) "miscellaneous payments on behalf of said estate and corporations made by J. C. Minus out of his own funds, $122.04"; and (7) interest paid on the corporation's indebtedness for the years 1934, 1936, and 1937, $238.80, with the amount paid each year stated. Then he admitted that between 1930 and 1938 he had received and kept, from sales of cattle belonging to the corporation, a total of $2,681.07, which had been applied by him to the indebtedness above described, leaving "a balance due him out of said property and tenancy in common the sum of $2,089.69, with lawful interest as alleged."

In answer to this cross action, John J. Bader et al, part of the defendants named in Doyle's petition as cotenants, interposed nine special exceptions, the first two of which were on the ground that the cross action "shows on its face" that it constituted a misjoinder of causes of action. The other seven special exceptions were leveled at the seven items of expenditure alleged by Minus as above outlined, one exception being directed to each of them, on the ground that it appeared from the face of the pleading that Minus' claim for reimbursement therefor "is barred by both the statute of two years and by the statute of four years of limitations."

By order entered in the minutes and appearing in the transcript, the trial court sustained all nine exceptions, noting that to this action "said J. C. Minus then and there in open court duly excepted."

Thereafter the court, in a trial without a jury, heard the testimony and found that the corporation, at its dissolution, "owed no debts now enforcible" but owned the land described by Doyle which became the property of the several parties, its then stockholders, in the proportion alleged by Doyle, and that it was susceptible of partition in kind. Commissioners were appointed, and in due course they filed their reports dividing the land among the parties in designated tracts. From this judgment and the subsequent proceedings, Minus appealed to the Court of Civil Appeals at San Antonio, which affirmed the same, in an opinion not yet published.

Minus is here on four points of error. The first three challenge the correctness of the holding by the courts below that his cross action constituted a misjoinder of causes of action. The fourth complains that it was error for the trial court to sustain

the limitation exception to his claim for contribution on the tax item of $1,349.26 paid by him. No point is assigned on the trial court's order sustaining the limitation exceptions to the other six items.

■ We think the trial court was clearly wrong in sustaining the special exceptions based on the claim that Minus' cross action constituted a misjoinder of causes of action. The rule is firmly established that a tenant in common, sued for partition of common property, can maaintain a cross action for money expended by him for the benefit of such property. This is in adjustment of equities. The application of the principle is well illustrated in what may be called the *Hanrick* litigation. See Hanrick v. Gurley,, 93 Texas 458, 54 S. W. 347, and Hanrick et al v. Hanrick et al, 110 Texas 59, 173 S. W. 211, 214 S. W. 320.

■ But respondents contend that the action of the trial court was not based on the theory that Minus was not entitled to his accounting and adjustment of equities but on the ground that since at least a part of his demand showed to be against the corportation, which was not a party defendant, there was to that extent a misjoinder of causes of action. Art. 1391, R. S., 1925, which they cite, does provide that the Minus Land Company, although dissolved, could have been sued for demands against it. However, they seem to overlook the fact that an alternative procedure is provided by the very next article (1392, ibid.), which expressly states that such demands may be asserted "against any person or persons who were stockholders at the time of such dissolution, *without joining the corporation* in such suit." (Italics ours.) This latter procedure is manifestly what Minus attempted to invoke in his cross action. Doyle's petition alleged that the several parties owned the land in question because they were the sole stockholders of the dissolved corporation. Minus adopted that pleading but said that he had spent money for designated purposes in preserving the common property and that the parties were bound to reimburse him in proportion to their respective interests before receiving their shares. Certainly, therefore, his cross action must be considered as a suit against the stockholders of the dissolved Minus Land and Irrigation Company, as contemplated by Art. 1392, supra, and there was no misjoinder of causes of action on that account.

■ The Court of Civil Appeals affirmed the action of the trial court for the reason that Minus' only complaint was that the sustained exceptions were not presented in due order of pleading and "having based his complaint on appeal at the ruling

thereon upon an untenable ground, the cross-action went out of the record for any purpose." We cannot agree to this interpretation of the record. As already stated, the trial court's order shows that when the exceptions were sustained, Minus "then and there in open court duly excepted." Looking to his brief filed in the Court of Civil Appeals, we find that the very first point of appeal is the error of the trial court in sustaining the exception on the ground that his cross action constituted a misjoinder of causes of action, *"the suit being one for accounting in partition, and* the plea of misjoinder being presented after a general demurrer to the appellant's cross petition." (Italics ours). We find that the identical language appears in the first point of error urged in his motion for a rehearing in that court. We think it is clear from this language that Minus' complaint was not limited to the propostion that the sustained exceptions were not presented in due order. That was merely one of his propositions, the other being that a cross action for accounting in a partition suit does not constitute a misjoinder of causes of action.

■ Respondents suggest that Minus filed no bill of exception or assignment of error in the trial court and made no motion for a new trial there. The trial was before the court. The action of the trial court and Minus' exception thereto appear in the court's order on the exceptions. Nothing else was required to save his complaint. Craver et al v. Greer et al, 107 Texas 356, 179 S. W. 862; 3 Tex. Jur., p. 249, sec. 165; ibid., p. 575, sec. 404.

■ The further suggestion is made that Minus waived the matter by his failure to offer any testimony on his cross action. We cannot see how he could offer testimony on a pleading which the court had dismissed. Temporarily the doors had been closed to him on that matter. Certainly no waiver could arise from his failure to offer testimony on issues which the court had erroneously said were not before it.

■ Respondents insist that Minus waived his cross action by announcing ready for trial when service of citation had not been had on the cross defendants. There is no significance to be attached to his announcing ready, in the face of his exception to the action of the trial court in dismissing his cross action. In that respect he had done all he could do.

Doyle's suit was against J. C. Minus and his wife, Josephine Minus, W. S. Minus, Grace Perry Graham, John J. Bader, administrator, and S. B. Buckner, and the court found that they

together owned all the outstanding stock. The record shows that W. S. Minus, Grace Perry Graham, and John J. Bader, administrator, answered Doyle's petition. Certainly as to them, no citation on Minus' cross action was necessary. Sullivan v. Doyle, 108 Texas 368, 194 S. W. 136. Moreover, the Baders answered the cross action and thereby waived service of citation thereon. Hence, they are in no position to insist that Minus waived his demand in so far as it relates to them.

It is urged that Minus had the use of the land for several years without paying any rentals and that he is in fact indebted to his cotenants. However that may prove to be, we must here take his allegations as true. He is entitled to his day in court and has not yet had it.

■ Having sustained the plea of misjoinder and dismissed Minus' cross action, the trial court did not properly reach the exceptions raising the issue of limitation of two and four years against the seven items for which Minus sought contribution, and, ordinarily, we would not pass on the correctness of his ruling thereon. However, in order to prevent misunderstanding and confusion in another trial, we will say that limitation is not available as a defense against any of said items. The rule applicable was stated by Justice Williams in Hanrick v. Gurley, supra, as follows: "Hanrick's cotenants are suing him in a court of equity for partition, and the court must determine what each is entitled to receive of the estate to be divided. If the charges upon it have been paid by one, of which the others are to receive the benefit, any balance in his favor over and above his just proportion, becomes an equitable charge upon the interests of the others to be worked out in partition. His right is to have the property so divided or sold as to make the others, while sharing equally in the benefits of the estate, share equally in the necessary expenses incident to it. To such a claim, when thus asserted, the statute of limitations has, in our opinion, no application, because it is an incident to partition, and to an action for partition the statute does not apply. The parties so receive their title and hold the property as to make them mutually accountable to each other without regard to lapse of time. Prince v. Heylin, 1 Atk, 493." Other authorities, to the same effect, are Branch v. Makeig, 9 Texas Civ. App. 399, 28 S. W. 1050; Markum v. Markum (Civ. App.), 273 S. W. 296 (er. dism.) ; 11 Tex. Jur., sec. 48, p. 484.

■ The judgment of the trial court finding the land susceptible of partition in kind and dividing it among the parties is not complained of in this court. However, upon the principle an-

nounced in Hamilton & Co. v. Prescott, 73 Texas 565, 11 S. W. 548, and American Indemnity Co. v. Martin et al, 126 Texas 73, 84 S. W. (2d) 697, we have concluded that it is necessary to reverse the entire judgment. The land was partitioned without regard to the claim asserted by Minus. If he can establish them he is entitled to their satisfaction, which may be effected by selling enough of the land to pay them or by awarding him enough additional land to discharge his demand. If and after his claims are established, it may be that the trial court will find that the land is not susceptible of such partition in kind as would be fair and equitable to all the parties. In that case, of course, the entire tract would have to be sold. We cannot now pass on that. It is an issue which must be determined upon the testimony. At all events, it is obvious that it is impossible to give Minus the full measure of relief to which he is entitled without reversing the entire judgment of the trial court. In no other way can the judgment of the Supreme Court be made fully effective. So that is our order.

The judgments of both courts below are reversed and the cause is remanded to the District Court of Dimmit County for a new trial, in accordance with this opinion.

Opinion adopted by the Supreme Court March 17, 1943.

Rehearing overruled April 21, 1943.