**W. D. WILIE et ux., Appellants,**

v.

**MONTGOMERY WARD & COMPANY,**
**Appellee.**

No. 3375.

Court of Civil Appeals of Texas.

Waco.

May 24, 1956.

T. R. Mears, Gatesville, for appellants.

Harry W. Flentge, Gatesville, for appellee.

TIREY, Justice.

This is an action for debt (originating in the Justice Court) against W. D. Wilie and wife, Lorene Wilie, grounded originally on written orders which plaintiff alleged constituted a special written contract between the parties. Plaintiff went to trial on its first amended original petition, and in Paragraph I we find:

"That on the dates hereinafter shown, the defendant, W. D. Wilie and wife, purchased merchandise from the plaintiff, either by open account or written special written sales contract and alleged further that on divers dates after January 5, 1953, plaintiff sold and delivered to the defendants certain goods, wares and merchandise to the amount and price of which are duly itemized on Exhibit 'A' attached to and made a part of this petition, said merchandise aggregating the sum of $163.40."

In Paragraph IV we find this allegation:

"Plaintiff further shows that in reply to the answer of the defendant, that said accounts are barred by the statute of limitation, the plaintiff would respectfully show that on or about the 13th of May, 1954, the defendant wrote to the plaintiff as follows:

" 'Montgomery Ward & Company,
" 'Dear Sir:
" 'I have been in somewhat of a financial tight lately and the first of July I will pick up payment and start paying your account. Sorry this happened and thanking you, very much,
" 'Yours
" 's/ W. D. Wilie.' "

In Paragraph VIII plaintiff alleged:

"Plaintiff shows that by reason of the written acknowledgment by the defendant, W. D. Wilie, that said account even if it is admitted it is an open account, which is herein alleged, is not barred by the statute of limitation because the defendant, W. D. Wilie, acting individually and as agent for his wife, acknowledged in writing that said debt was due in the amount of $163.60."

Plaintiff's prayer asks for $163.40 and $30 attorney's fees and costs and general relief. Attached to his pleading is an itemized statement showing credits, debits and balance of $163.40 and statutory affidavit as to the justness of the debt.

Defendants went to trial on their first amended answer which set out substantially that the accounts were barred by our two year statute of limitations, Vernon's Ann.Civ.St. art. 5526. No other defense was pleaded. In the absence of special exception, the plaintiff's petition will be liberally construed in the pleader's favor. See Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, points 1 and 2, 141 A.L.R. 50. See also Rules 90, 91, 93, 94 and 95, T.R.C.P.

At the close of the evidence defendants seasonably filed motion for peremptory instruction on the ground that the account was barred by the two year statute of limitations, which motion was overruled, and the cause was submitted to the jury on one issue. It was:

"Do you find from a preponderance of the evidence, if any, that the defendant, W. D. Wilie, after the merchandise were ordered and in the year of 1953 or 1954, wrote to the plaintiff a letter as follows:

" 'Montgomery Ward & Company.
" 'Dear Sir:
" 'I have been in somewhat of a financial tight lately, and the first of July I will pick up payment and start

paying your account. Sorry this happened and thanking you, very much,

 " 'Yours
 " 'W. D. Wilie
" 'Amount Balance $163.60.' "

to which the jury answered "yes".

The court overruled defendant's motion for judgment non obstante veredicto and granted plaintiff's motion for judgment and in the judgment we find that it sets out verbatim Special Issue No. 1 and the jury's answer thereto, and then we find this recital:

 " * * * whereupon, plaintiff, having made and the court having duly heard and considered, a motion for judgment, and the court having further considered the fact all the orders sent to Montgomery Ward and Company were in writing, and were signed and none of these orders had been sent in more than the four years prior to the date of trial or the filing of this suit, the court finds and is of the opinion that judgment should be rendered for the plaintiff."

Thereupon the court decreed that plaintiff recover of and from the defendants, W. D. Wilie and Lorene Wilie, jointly and severally, the sum of $163.40, together with $30 attorney's fee, and further provided that said judgment shall bear interest from the 6th day of October, 1955, and also provided for costs of suit.

Appellants have assailed the decree entered on what they designate as eight points. They are substantially: (1) When the rule for cost was demanded by the defendant as provided by statute, it was error for the plaintiff to refuse to comply therewith within the time provided by Rule 143, T.R.C.P.; (2) if the rule for costs is demanded by the defendant in a case, it should be entered and the plaintiff required to give security, and it was therefore error for the trial judge to deny the motion and refuse to dismiss the case as provided in Rule 143, T.R.C.P.; (3) in order for a letter to take a case out of the statute of limitation, it must state an "unequivocal acknowledgment" of the specific indebtedness involved or an "unqualified promise" to pay that indebtedness; and an undated letter found by the jury to have been written in either 1953 or 1954 and which referred to "account" instead of accounts as sued on was neither so unequivocal nor so unqualified as to toll the statute of limitation; (4) a written instrument must be sufficient within itself to toll the statute of limitation and parol evidence cannot be considered to add to the sufficiency of the writing; (5) when an action is barred by the statute of limitation, a letter written previous to the due dates of the accounts sued upon and previous to the purchase of the majority of the goods was not a "subsequent" instrument as contemplated in the statute and would not toll the statute of limitation; (6) where eight claims are sued upon, each bearing a different due date, an undated letter referring to the account is not sufficient acknowledgment of a new promise to a particular claim, because the new promise must be sufficiently particular to show that it refers to the specific transaction involved; (7) where a letter shown to have been written in January 1953, and to have promised to begin payment on the 1st of July was first pleaded by the plaintiff in his petition filed on the 27th of September 1955, the new promise was itself barred by the statute of limitation; (8) the trial court erred in failing and refusing to grant the defendant's request for peremptory instructions in that he was the sole judge of the sufficiency of the instrument offered to toll the statute, and same had been shown insufficient and barred by the statute of limitation.

 Going back to a consideration of Points 1 and 2, we find defendants seasonably filed written motion asking that the plaintiff be required to file a good and sufficient cost bond or make a substantial deposit in cash, but we find nothing in the record to show that the court took any action whatsoever on the same. It is the contention of defendants here that the

court took no action on the motion and that since the court failed to take any action and failed to require the plaintiff to make a good cost bond in accordance with Rule 143, T.R.C.P., that the court committed reversible error and that they are entitled to have the cause reversed and remanded and the cause dismissed. We over- rule this contention for reasons which we shall hereafter briefly state.

Rule 143, T.R.C.P., is as follows:

"The plaintiff may be ruled to give security for costs at any time before final judgment, upon motion of the defendant or any officer of the court interested in the costs accruing in such suit, and, if such rule be entered against the plaintiff and he fail to comply therewith on or before twenty (20) days after knowledge or notice that such rule has been entered, the suit shall be dismissed."

This court is in accord with the view that it was the duty of the trial court to pass upon this motion, but since the court refused to do so we do not think it is ground for us to reverse the case and dismiss the cause.

In Marks v. Fields, Tex.Civ.App., 29 S.W. 664, we find this statement by the San Antonio Court:

"This cause was dismissed because security for costs had not been given by appellant. It is contended by appellant that no rule for costs was entered, and that, of course, he had no notice of any such rule. In this contention he is sustained by the record. There is nothing whatever to indicate that a rule for costs had ever been made, and there was no entry of any order on the docket showing that the ruling was made. It follows that, if no rule for costs was made or entered, no notice of it was given appellant."

It is true that notice of the rule for costs was timely given in this case, but since the court took no action thereon and did not require the plaintiff to file a cost bond or make a deposit and did not enter an order of dismissal, we are without authority to make any adjudication on this point, although the court may have abused his discretion in failing to act upon the motion for costs. (Counsel for appellee, on submission and oral argument before the court, stated, as attorney for Montgomery Ward, he did deposit in the Justice Court the sum of $50, but the Justice of the Peace failed to show in the transcript sent up that such deposit was made. Counsel for appellants did not challenge this statement and there is some evidence in the record to the effect that such deposit was made in the Justice Court but the amount was not stated. The trial judge is not a lawyer and the foregoing situation may account for his failure to rule upon appellants' motion to require cost bond.)

In Cade & Lilley v. Phoenix & Jackson, Tex.Civ.App., 260 S.W. 220, our El Paso court said:

"The entry upon the minutes of the rule for costs is prerequisite to the authority to dismiss, and in such case the court cannot dismiss until the next term for by the express terms of the statute the plaintiff has until the first day of such term within which to comply with the rule. The record affirmatively discloses that no rule had been entered upon the minutes at the previous term and the orders made by the court on December 6th were unauthorized." (Citing cases)

See also Vol. 10 Texas Digest, Costs, ▆▆▆▆.

▆▆ We are of the further view that defendants failed to carry their burden of showing that the merchandise purchased by the defendants was barred by our two year statute of limitations, Art. 5526, V.A.C.S. As we understand the record here, merchandise was purchased by written order signed by either Mr. or Mrs. Wilie, and that when Mrs. Wilie signed the order she had authority so to do, and the Montgomery Ward order blanks have much printed matter on them, giving instructions to their

customers, showing them how to order, what to do and what not to do, and a place in the order blank where they state their price, shipping charge, items, etc., which is quite comprehensive. In one of the order blanks signed by appellants we find the following instructions:

"When Ordering On Monthly Payments

"Write order on opposite side and follow instructions below

"For 'Add On' Orders To Your Present Account Sign This Part Only

"Montgomery Ward & Co., Please ship goods listed on opposite side and add to my present account. I agree that all Monthly Payment contracts bearing this account number upon which there is an unpaid balance and this purchase are combined in one contract—with the same provisions as given in your catalog.

To Open A New Monthly Payment Account

"Sign this part and answer all questions below

"Montgomery Ward & Co.: I am enclosing $6.00 as a down payment on the Monthly Payment price of the goods listed on opposite side.

"Thirty days after I receive the goods I will pay $6.00 at the place to which I send this order, and a similar amount each thirty days thereafter until the total Monthly Payment price is paid. Until the goods are fully paid for, title and right to possession shall remain in you. I will not sell, remove, or encumber them without your written consent and I will assume any loss or damage to them. Should I fail to make any payment when due, you may retake the goods at any time after such default or you may hold the undersigned jointly and severally for the

"Your signature here (Write—Do Not Print) ——————————
Street Address or Route and Box No. ——————————
Post Office ——————— State ———————
Account Number ——————— Where Carried ———————

full unpaid balance, which shall then become due and payable * * *."

We think that when this order blank was filled out and signed by the purchaser for the merchandise specified, as it appears to have been done in this case in each order made, that same constitutes a contract in writing and that the two year statute of limitations does not apply. Needless to say, it was not barred under the provisions of our four year statute of limitation, Art. 5527, V.A.C.S. If we should be mistaken in our views in this behalf, then in such event we think the letter written and tendered in evidence is sufficient compliance with Art. 5539, V.A.C.S. We think the facts here developed bring this case within the pronouncements made by Judge Critz in Elsby v. Luna, Tex.Com.App., 15 S.W. 2d 604 and Hanley v. Oil Capital Broad-

casting Ass'n, 141 Tex. 243, 171 S.W.2d 864. We are of the further view that this cause as developed is distinguishable from the case of Metropolitan Casualty Ins. Co. v. Davis, 174 S.W.2d 84, decided by this court. We believe that a careful reading of the foregoing case will show that it is distinguishable from the factual situation in the case at bar.

■ We do not think the appellee is entitled to recover any attorney's fees under Art. 2226, V.A.C.S., as amended, Acts 1953, 53rd Leg. p. 101, Chapter 67, for the reasons which we shall hereafter briefly state. In the first place, this suit is grounded upon a written contract and is therefore not grounded upon a sworn account. In the second place, it is true that appellee gave written notice to appellants demand-

ing payment of the account. Such letter was not tendered in evidence and there is no evidence tendered to show that written demand was made by appellee to defendant to pay the account thirty days before suit was filed. This Article is a penalty statute and must be strictly construed. See Davenport v. Harry Payne Motors, Inc., Tex.Civ.App., 256 S.W.2d 245, no writ history and cases collated under aforesaid Article. In the next place, no evidence was tendered as to the amount of a reasonable fee. Since this was a jury trial, no request was made to submit the issue of reasonable attorney's fee to the jury, and therefore under Rule 279, T.R.C.P., we think appellee waived its right to attorney's fees. Absent pleading and proof as to what was a reasonable attorney's fee and a finding thereon appellee cannot recover attorney's fees. See Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79. Since appellee recovered attorney's fees in the Justice Court and in the County Court and it was necessary for appellants to appeal this cause in order to obtain relief, it is our view that the ends of justice require that the judgment of the court below be reformed so as to exclude any recovery of attorney's fees and that all costs in this court and in the court below be taxed against appellee.

Accordingly, the judgment entered by the County Court is reformed to the extent that the $30 attorney's fee awarded by the court is excluded therefrom and judgment is here rendered in appellee's favor for $163.40, with interest at the rate of 6% per annum from October 6, 1955 (said date being the same date from which interest was awarded in the County Court judgment) and all costs taxed against appellee.

From the views here expressed, it is needless to say that all other points of appellants are overruled.

Accordingly, the judgment is reformed and as reformed is affirmed.