Frances COOK et vir, Petitioner,

v.

C. J. WOFFORD, Respondent.

No. B–2172.

Supreme Court of Texas.

July 29, 1970.

Rehearing Denied Oct. 7, 1970.

Andress, Woodgate & Hartt, William Andress, Jr., Dallas, for petitioner.

Emmett Colvin, Jr., Robert O'Donnell, Dallas, for respondent.

PER CURIAM.

In this case the trial court followed the procedure of Article 4639a, Vernon's Annotated Civil Statutes, and instructed the jury to find from a preponderance of the evidence which of the parties, the father or the maternal grandmother and her husband, is best suited to have the care, custody and control of the children in question. The jury found for the father and judgment was rendered on the verdict. As it had previously done in Welch v. Welch, 369 S.W. 2d 434, Tex.Civ.App.1963, no writ, the Court of Civil Appeals upheld the constitutionality of Article 4639a in its provision that in any child custody hearing where a jury is demanded the judgment of the court must conform to the determination of custody by the jury. 458 S.W.2d 691. We reserve this question since there is no showing that the trial judge disagreed with the jury but considered the jury finding binding on him, or that he would have awarded custody to the maternal grandmother had it not been for the provisions of Article 4639a. See also Carter v. Carter, 359 S.W.2d 184, Tex.Civ. App.1962, writ of error dismissed for want of jurisdiction, 362 S.W.2d 646, where this Court was also precluded from considering the constitutionality of Article 4639a.

The application for writ of error is refused, no reversible error.