William M. ZONER et al., Appellants,

v.

HERTZ EQUIPMENT RENTAL CORPORATION et al., Appellees.

No. 1075.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 30, 1975.

Rehearing Denied May 18, 1975.

John H. Holloway, Houston, for appellants.

Gerald P. Coley, Vinson, Elkins, Searls, Connally & Smith, Charles D. Boston, Fullbright & Jaworski, Derral K. Sperry, Jack R. Martin & Associates, Houston, for appellees.

TUNKS, Chief Justice.

The plaintiffs in the trial court and appellants here are William M. Zoner and Mickey G. Caylor. They sustained personal injuries when a personnel basket in which they were working hoisted by a crane, being operated by A. C. Lewis, fell from a height of thirty-five or forty feet.

At the time in question, Brown & Root was the general employer of Zoner, Caylor and Lewis. Brown & Root was in the course of constructing an addition to the plant of Celanese Corporation in Harris County. The crane in question was leased by Celanese from Hertz Equipment Rental Corporation.

The plaintiffs sued Lewis, Celanese and Hertz for damages resulting from the personal injuries they sustained when the personnel basket fell with them.

■ Highlands Underwriters Insurance Company, the workmen's compensation carrier for Brown & Root, intervened seeking recovery from the defendants for the benefits it had paid to Zoner and Caylor. The plaintiffs' suit against Lewis and Celanese was based upon allegations of Lewis' negligence in the operation of the crane. Since Brown & Root was a subscriber under the Workmen's Compensation Act, and since Zoner, Caylor and Lewis were general employees of Brown & Root, Lewis was immune from liability for his negligence unless he was at the time a borrowed servant of Celanese. Vernon's Tex.Rev.Civ.Stat.Ann. art. 8306, § 3 (1967). Also their claim against Celanese, under respondeat superior, depended upon their proof that Lewis was, at the time of his alleged negligence, the borrowed servant of Celanese. Their suit against Hertz was based upon alleged defects in the crane which caused the fall.

In April 1973, before the case came on for a jury trial, the defendant, Lewis, made a motion for summary judgment, asserting his immunity under the Workmen's Compensation Act. That motion was granted and an order entered adjudging that the plaintiffs take nothing from that defendant. There was no severance of the cause of action pleaded against Lewis, so that the summary judgment in his behalf was interlocutory and did not become final until the disposition of the case as to the other defendants.

In March 1974, the plaintiffs' claim against Celanese and Hertz came on for trial before a jury. Celanese filed a motion in limine by which it requested that the plaintiffs be instructed not to refer to or offer evidence as to their contention that Lewis was the borrowed servant of Celanese. It cited, as the basis for its motion, the fact that Lewis' motion for summary judgment had been granted. The motion in limine was granted by the trial court.

At the close of the evidence, the trial court granted Celanese's motion for instructed verdict. The case was submitted to the jury as against only the defendant Hertz. The jury failed to find that the crane was defective and found that Lewis' negligent operation of the crane was the sole proximate cause of the accident in question. The trial court rendered judgment that the plaintiffs and the intervenor take nothing from any of the defendants. The plaintiffs, but not the intervenor, perfected appeal.

### The Summary Judgment for Lewis

The motion for summary judgment by Lewis was made at the time the case was pending in the 127th District Court of Harris County and was heard and granted by that court. The order granting it recited that depositions on file were considered. Those depositions were not originally brought up and filed in this Court as part of the statement of facts, but we, under the authority of Texas Rules of Civil Procedure, rule 428, directed the district clerk to send them up and they have been considered to determine whether they sus-

tained the granting of the summary judgment.

■ The controlling issue on the motion for summary judgment was whether Lewis was the borrowed servant of Celanese. It is undisputed that he and the plaintiffs were the general servants of Brown & Root so that, unless he was at the time of the accident the borrowed servant of Celanese, he was immune from any liability to the plaintiffs for injury to them because of his negligence. To sustain his contention on this issue, he had the burden of proving by the summary judgment evidence that, as a matter of law, he was not the borrowed servant of Celanese. Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.Sup.1970).

■ The question as to whether Lewis was the borrowed servant of Celanese is governed by the answer to the question as to whether Celanese had the *right* to control him in the details of his operation of the crane. Producers Chemical Company v. McKay, 366 S.W.2d 220 (Tex.Sup.1963). Celanese was the lessee from Hertz of the crane. That fact, standing alone, gave Celanese a legal right to control its operation. The lease agreement between Celanese and Hertz is not in evidence. The crane is obviously a large, expensive machine. It would not be unreasonable that its owner, Hertz, would specifically limit its use to its lessee and the lessee's employees.

There was a contract, also, between Celanese and Brown & Root, Lewis' general employer. That contract, too, is not in evidence. The evidence does not show whether it was an oral contract, in general terms, or whether it was a specific, written contract. More importantly, the evidence does not show whether that contract covered the question of the right to control the manner of operating the crane of which Celanese was the lessee and which was used by Brown & Root's general employee in the performance of the contract.

■ The evidence does show that, in fact, Brown & Root supervisors directed Lewis in his operation of the crane. That fact, however, is not necessarily conclusive of the question as to who had the right to control him. If the contract between Brown & Root and Celanese specified the right of control of the details of the operation of the crane, the contract would be conclusive of the question. Greyhound Van Lines, Inc. v. Bellamy, 502 S.W.2d 586 (Tex.Civ.App.—Waco 1973, no writ). In such event the actual exercise of control would be evidentiary of the fact that the contract was a subterfuge or had been abandoned. *See* Newspapers, Inc. v. Love, 380 S.W.2d 582 (Tex.Sup.1964). If there was a contractual provision governing the right of control, or if there was evidence that the contract was a subterfuge or was abandoned, then the actual exercise of control should be evidentiary of, and might establish as a matter of law, that the right of control was in the one actually exercising control. In the absence of such contract, however, the question usually is one of fact. Sanchez v. Leggett, 489 S.W.2d 383 (Tex. Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.). As noted, however, the relevant terms of the contract between Brown & Root and Celanese, or the absence of such relevant terms, were not shown by Lewis, who on the motion for summary judgment, had the burden of proof.

There is, also, evidence that the relationship between Brown & Root and Celanese was such that if Celanese had wanted the crane used for a purpose not within the scope of the construction contract, it would have been so used. The Brown & Root supervisor testified by deposition that if Lewis had not complied with Celanese's plant rules and regulations, then he would "get him out". He, also, testified that if the crane required any major repairs, he would "work through" a Celanese man to get them done.

■ We are of the opinion that the judge of the 127th District Court erred in

rendering summary judgment for the defendant, Lewis.

### The Instructed Verdict for Celanese.

When the plaintiffs' case against Celanese and Hertz came on for trial, it was transferred to the 152nd District Court of Harris County. The judge of that court, on being advised that the judge of the 127th District Court had granted Lewis' motion for summary judgment, granted Celanese's motion in limine that the plaintiffs be prohibited from referring to or offering evidence that Lewis was a borrowed servant of Celanese. That ruling was error. Celanese was not a party to the motion for summary judgment filed by Lewis. Celanese had not filed any motion for general summary judgment or for separate trial of and summary judgment on the issue of borrowed servant. That issue had not been adjudicated as between the plaintiffs and Celanese. It was yet to be tried between those parties, and the plaintiffs were not limited to the evidence heard on the motion by Lewis for summary judgment even if it had been properly granted. *See* DeBord v. Muller, 446 S.W.2d 299 (Tex.Sup.1969).

However, a trial court's erroneous ruling on a motion in limine does not, of itself, show harmful, reversible error. It is the subsequent exclusion or admission of relevant evidence pursuant to its action on the motion in limine that may constitute reversible error. Hartford Accident and Indemnity Co. v. McCardell, 369 S.W.2d 331 (Tex.Sup.1963). In this case, it was incumbent upon the plaintiffs to present by bill of exception evidence which would, either by itself or together with other evidence actually admitted, at least raise a fact question on the borrowed servant issue if they were to show harm in the erroneous granting of the motion in limine. These plaintiffs did make a bill of exception which, together with the evidence actually received by the court, presented facts substantially the same as that summarized above as being presented on the motion for summary judgment.

In considering the propriety of the court's granting of the motion for instructed verdict for Celanese, a different rule is applied as to the burden of proof from that applicable to the motion for summary judgment. Torres v. Western Casualty and Surety Company, 457 S.W.2d 50 (Tex.Sup.1970). But the plaintiffs did not have the burden of proving Lewis' status as a matter of law, as did Lewis on his motion for summary judgment. They, to prevent the proper instruction of verdict against them, only had the burden of presenting sufficient evidence that, considered in the light most favorable to them, indulging in all reasonable inferences in their favor and disregarding all adverse evidence, was sufficient to raise an issue of fact on the question of borrowed servant. Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup.1965). If the evidence raised a fact question as to the borrowed servant issue, it precluded the granting of the motion for instructed verdict even if it was insufficient to sustain a jury finding for the plaintiff as against a contention that such finding was against the weight of the evidence. Stephenson v. O'Neal, 433 S. W.2d 804 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.).

The lack of proof as to the relevant provisions of the two contracts involved, or proof of the absence of any such provisions, is of importance in determining the propriety of the instructed verdict. The defendant, Celanese, was a party to both contracts but the plaintiffs were not. Therefore, Celanese obviously had access to the testimony that would have proven their provisions. An inference can be drawn from Celenese's failure to produce such evidence which, together with other facts proved, strengthens the plaintiffs' position. 1 C. McCormick & R. Ray, Texas Evidence § 100 (2d ed. 1956).

 We hold that the 152nd District Court erred in granting the motion for instructed verdict in favor of Celanese.

**The Verdict and Judgment for Hertz**

The plaintiffs' claims against Hertz were based upon the contention that the brake mechanism on the crane was defective. That matter was submitted to the jury and the jury failed to find such defect. The appellants attack that answer and the rendition of judgment for Hertz on it as being contrary to the weight of the evidence. We overrule appellants' contentions in this respect.

Just after the accident Rubbin David Beck, the Brown & Root supervisor on the job, called in his most experienced and ablest crane operator and the two conducted a thorough investigation of the crane and tested its brake mechanism. Beck was a long time employee of Brown & Root in the construction business and experienced in the use of cranes. He had read the operating manual for the crane in question. He testified that the checking and testing that he and the other employee had done showed the brakes to be in good working order and that they were not defective in any respect.

As opposed to Beck's testimony is that of Lewis to the effect that he properly applied the brake and that the only explanation for the basket's falling was that the brake was defective.

 The jury's failure to find that the brake was defective was not so in disregard of the weight of the evidence as to be clearly wrong.

The judgment of the trial court against the plaintiffs, Zoner and Caylor, and in favor of the defendants, Celanese and Lewis, is severed and is reversed and remanded. The judgment against the plaintiffs and in favor of the defendant Hertz is affirmed. There having been no appeal by the intervenor, Highlands Underwriters Insurance Company, the judgment that it take nothing by its intervention is not disturbed.