George Steve LONG, Appellant,

v.

TASCOSA NATIONAL BANK OF AMARILLO, Appellee.

No. 07–82–0382–CV.

Court of Appeals of Texas, Amarillo.

Aug. 29, 1984.

Frederic M. Wolfram, Amarillo, for appellant.

John C. Chambers and Mark L. Mosley, Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

George Steve Long was adjudged monetarily liable to Tascosa National Bank of Amarillo on his continuing guaranties of payment of indebtedness owed by Holiday South Development Company, Inc. to the bank. The judgment was rendered on a jury's verdict after the court disregarded one of the jury's answers to an issue found by the court to be conclusively established. Inasmuch as we deem that Long has not demonstrated reversible error by his points of error, we affirm.

Long, the president of the development corporation, guaranteed, with his written continuing guaranty, the payment of $250,-000 the corporation borrowed from, and secured by the conveyance of land in trust to, the bank on 18 July 1979. The loan was payable on 18 January 1981. In connection with the loan transaction, the corporation provided the bank with a letter of commitment or "take-out" agreement, whereby AMI, Inc., Shreveport, Louisiana, agreed, upon notification of nonpayment of the loan after eighteen months, to purchase the note, plus accrued interest, and the collateral.

Thereafter on 1 April 1980, the corporation borrowed from the bank an additional $232,600, to be received as needed for construction, with repayment, secured by conveyance of land in trust, to be made on 25 June 1980. Long and the corporation's vice-president, Larry R. Martin, each of whom then owned one-half of the corporation's shares of stock, guaranteed the payment of the loan by their continuing guaranty.

Later on 5 August 1980, the corporation borrowed $35,000 more from the bank, agreeing to repay it on 4 September 1980. However, on 29 August 1980, the corporation had overdrawn its two checking accounts at the bank, one in the sum of $2,126.63 and the other in the sum of $14,-877.35.

The corporation had not discharged any of the notes representing the loans when, on 2 March 1981, it filed a bankruptcy action. Three days later, the bank initiated the litigation underlying this appeal. In its original petition, the bank sought recovery against Long and Martin on their continu-

ing guaranty of payment agreements; however, upon the bank's later filed suggestion of Martin's death and motion for severance, the bank's alleged cause of action against Martin was severed and redocketed. Twenty-six days later, the bank's cause of action against Long proceeded to jury trial and court judgment decreeing his $375,120.59 liability to the bank.

In appealing, Long presents ten points of error which are to be considered.[1] At the outset, however, we notice he has waived his seventh-point contention that the court erred in failing to abate this action and grant him leave to file a cross-action against the estate of Martin for contribution as a co-guarantor.

■ At the end of the first day of trial, after all of the evidence had been presented to the jury and court had recessed, Long filed pleadings which included a motion to abate the cause because of the absence of the estate of Martin and a cross-action against the estate. Long does not suggest, nor do we find a recording, that the motion was called to the attention of or ruled upon by the court. It is axiomatic that a nonjurisdictional plea in abatement must be urged before the trial on the merits; and, if the plea is not timely called to the attention of and acted on by the court, it is waived. *Garcia v. Texas Emp. Ins. Ass'n*, 622 S.W.2d 626, 630 n. 3 (Tex.App.—Amarillo 1981, writ ref'd n.r.e.). The seventh point is overruled.

Included with Long's answer to the bank's petition was his counterclaim for damages allegedly occasioned by the bank's negligence in failing and refusing to call the take-out offer of AMI, Inc. The bank specially excepted to the counterclaim, asserting that, among other things, it fails to state any facts upon which a cause of action can be based, particularly

because it fails to allege any facts that would constitute the breach of any legal duty owed to Long. The court sustained the special exceptions. Long amended his pleadings, repeating the substance of the counterclaim based on negligence. Once more, the bank specially excepted to the negligence counterclaim for the reasons originally asserted, and again the court sustained the special exceptions.

Thereafter, the bank filed its motion in limine. By it, the bank moved the court to prohibit Long, in the absence of a previously secured favorable ruling outside the jury's presence and hearing, from adducing any evidence of, among other subjects, collateral agreements, and particularly an AMI, Inc. letter concerning the take-out agreement, that are inconsistent with or vary the terms of the written instruments sued on by the bank. The following day, Long filed amended pleadings containing substantially the same counterclaim, except that the bank was not alleged to have been negligent in its omission to call upon AMI, Inc. to honor the take-out agreement. The amended counterclaim escaped exception; but, at the beginning of the trial, the court granted the bank's motion in limine.

By his second point of error, Long charges the court with error in sustaining the bank's special exception and in granting the motion in limine directed to his negligence counterclaim. The court also erred in sustaining the special exception, Long asserts with his sixth point, because it constituted a prohibited general demurrer. We are not persuaded that Long has shown reversible error by these points.

■ The decision in *Hartford Accident and Indemnity Co. v. McCardell*, 369 S.W.2d 331 (Tex.1963), is accepted as authority for the principle that although a trial court's ruling on a motion in limine,

---

**1.** Although Long appealed on eleven points of error, the crux of his first point is that he was entitled to the requested abatement of the suit against him as guarantor until Holiday South Development Company, Inc., the principal, is joined; but, on submission, he candidly conceded that the point is untenable since a guarantor of payment may be sued apart from, and without action having been taken against the maker of the note. *Hopkins v. First Nat. Bank at Brownsville*, 551 S.W.2d 343, 345 (Tex.1977). Consequently, the first point is summarily overruled.

the purpose of which is to prevent prejudicial questions and statements asked and made in the jury's presence, may be error, it is never reversible error. *Zoner v. Hertz Equipment Rental Corporation,* 523 S.W.2d 765, 770 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.). Moreover, by granting the motion in limine in this cause, the court did not rule on the evidence itself, but only required a hearing outside the jury's presence on the admissibility of the evidence before it was offered; *a fortiori,* the granting of the motion, even if erroneous, was not reversible error.[2] *Union Carbide Corp. v. Burton,* 618 S.W.2d 410, 415 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).

■ Nor is reversible error presented in any facet of the court's action in sustaining the bank's special exceptions. When the court sustained the special exceptions,

**2.** In this regard, then, reversible error could occur only from the exclusion of relevant evidence, *Zoner v. Hertz Equipment Rental Corporation,* 523 S.W.2d 765, 770 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.), offered in support of live pleadings raising the issue of the bank's negligence and preserved in a proper bill of exceptions. *Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414, 432 (Tex.1984). Although Long has brought forward by bill of exceptions the evidence he proposed to offer on the issue of the bank's negligence, he has not complained by point of error that the exclusion of the evidence was erroneous. However, the lack of a point-of-error complaint to the exclusion of the evidence would be immaterial to a properly preserved complaint to the sustaining of the bank's special exceptions, for when the court sustained the bank's special exceptions and deprived Long of live pleadings raising the negligence issue, Long was not required to offer the evidence or to perfect a bill of exceptions, *id.* at 433, in order to complain, with the proper predicate, that the court erred in sustaining the bank's special exceptions. *Minus v. Doyle,* 141 Tex. 67, 170 S.W.2d 220, 223 (1943).

**3.** Were the merits of the points before us, we still would overrule them. This obtains without regard to Long's concession by brief and oral argument that even if he prevailed on his negligence counterclaim, his liability under his guaranties would not be altered.

In connection with Long's second-point complaint to the court's sustaining the bank's special exceptions, it is observed that to recover by counterclaim on a cause of action for negligence, Long was required to plead that cause of action, *Safety Casualty Co. v. Wright,* 138 Tex.

Long did not object or except to the court's action and elect to stand on his pleadings as filed so as to preserve the contentions he now makes on appeal. *Minus v. Doyle,* 141 Tex. 67, 170 S.W.2d 220, 223 (1943); 3 R. McDonald, Texas Civil Practice in District and County Courts § 10.14.5 (rev. 1983). Instead, he amended his live pleadings and abandoned the negligence counterclaim contained in his former pleadings, thereby waiving any error of the court in sustaining the bank's special exceptions to the former pleadings. *Id.; Gage v. Langford,* 615 S.W.2d 934, 940–41 (Tex.Civ.App.—Eastland 1981, writ ref'd n.r.e.); *Town of Port Acres v. City of Port Arthur,* 340 S.W.2d 325, 329 (Tex.Civ.App.—Beaumont 1960, writ ref'd n.r.e.), and authorities cited therein. The second and sixth points are overruled.[3]

492, 160 S.W.2d 238, 245 (1942), which consists of the existence and breach of a legal duty, *Abalos v. Oil Development Co. of Texas,* 544 S.W.2d 627, 631 (Tex.1976), that causes injury. *Rosas v. Buddies Food Store,* 518 S.W.2d 534, 536 (Tex.1975). In neither of Long's abandoned counterclaims is there any allegation of facts showing, or even a conclusion stating, the existence of a duty the bank owed him to call upon AMI, Inc. to honor its letter of commitment. Absent the pleading of this essential element of the cause of action for negligence, the negligence counterclaim was subject to a special exception for the failure to state a cause of action. *Texas Department of Corrections v. Herring,* 513 S.W.2d 6, 10 (Tex.1974).

The *Herring* decision, that a special exception is properly leveled at a pleading failing to state a cause of action, would be a sufficient ground for overruling Long's sixth point, by which he contends that because the bank's repeated special exception is based on his failure "to allege any facts whatsoever upon which a cause of action can be based," it is, on the authority of *Maxwell v. Maxwell,* 204 S.W.2d 32, 39 (Tex.Civ. App.—Amarillo 1947, writ ref'd n.r.e.), a general demurrer which has been abolished by Rule 90, Texas Rules of Civil Procedure. But beyond that, the bank's special exception has a base broader than the one quoted by Long. The bank's challenge to Long's negligence counterclaim for the failure to state a cause of action was amplified by the assertion that it failed to allege any facts showing the breach of a legal duty owed by the bank to Long. The challenge invoked the proposition that Long's counterclaim omitted an allegation essential to an enforceable claim of recovery for negligence, one

**704**

The lack of live pleadings counterclaiming for negligence would effectively moot Long's eighth-point contention that the court erred in granting the bank's motions for orders protecting a bank officer and the bank's attorney from submitting to depositions and subpoenas duces tecum on matters relevant to Long's negligence counterclaim. Without pleadings raising the issue of negligence, the evidence of negligence was not admissible. *Erisman v. Thompson*, 140 Tex. 361, 167 S.W.2d 731, 733 (1943). Yet, there are two other reasons why the point is unavailing. Long does not direct us to, nor do we find, the court's protective order he is attempting to attack. Since there is no record showing that the court ruled on the motions for protective orders, the motions themselves present nothing for review and they are no basis for the point of error. *Ladd v. Knowles*, 505 S.W.2d 662, 668 (Tex.Civ.App.—Amarillo 1974, writ ref'd n.r.e.). Additionally, the record before us reveals that the taking of the deposition of the bank officer was waived at a pretrial hearing, and that the deposition of the bank's attorney, as well as the depositions of other bank personnel, were taken but were not introduced into evidence. The eighth point is overruled.

Allied with points two, six and eight, which we have just overruled, is Long's eleventh point, by which he asserts the court committed cumulative error in exercising its discretion to prohibit him from presenting his claim of the bank's negligence to the jury, thereby denying him a fair trial. We accept the holding in Long's cited *Scott v. McLennan County*, 306 S.W.2d 943, 948 (Tex.Civ.App.—Waco 1957, writ ref'd n.r.e.), that there the cumulative effect of court-committed errors, albeit none standing alone was sufficient to reverse the judgment, constituted reversible error identified by Rule 434;[4] but, we do not accept that holding as being applicable to the appellate record before us.

In this cause, there has been no determination that the trial court erred in any action taken with respect to Long's claim of negligence on the part of the bank. Rather, the determination, in fine, is that the court did not err in its actions, or, even if it did err, no reversible error was preserved and presented for appellate review of the matters not otherwise waived by Long. In this situation, there is no basis for holding that the collective actions of the court present reversible error. *Accord, Cook v. Wofford*, 458 S.W.2d 691, 695 (Tex. Civ.App.—Dallas), *writ ref'd n.r.e. per curiam*, 458 S.W.2d 653 (Tex.1970). The eleventh point is overruled.

In submitting the cause to the jury, the court asked the jury, in special issue no. 5, what sum "is due and owing as principal and accrued interest on the [$35,000] Note dated August 5, 1980?" The jury answered "0.00." Upon the bank's motion and after notice and hearing, the court disregarded the jury's answer, found the sum due and owing on the note to be $45,789.80, and included this amount in its judgment.

Long attacks the court's actions with his fifth point. The court erred, he insists, because it has no authority to substitute its finding for that of the jury, particularly since, he proposes, there is some evidence from which the jury could infer that the bank had not allowed the corporation all the credit due on the note.

Under our law, if there is in the record any conflicting evidence of a probative nature on a material issue, the determination of the issue is for the jury, *Air Conditioning v. Harrison-Wilson-Pearson*, 151 Tex. 635, 253 S.W.2d 422, 425 (1952), and its answer based thereon may not be disregarded by the court under the provisions of Rule 301, *Lynch v. Ricketts*, 158 Tex. 487, 314 S.W.2d 273, 276 (1958),

---

of the three propositions upon which a special exception is grounded, and so distinctly pointed out the deficiency of the pleaded counterclaim that it could not be a general demurrer. 2 R.

McDonald, Texas Civil Practice in District and County Courts § 7.19 (rev.1982).

**4.** All references to rules are to the Texas Rules of Civil Procedure.

for the rule only authorizes the court, upon motion and reasonable notice, to disregard one or more jury findings on special issues if the findings are immaterial or have no support in the evidence. *Eubanks v. Winn,* 420 S.W.2d 698, 701 (Tex.1967). Conversely, no jury finding is necessary to establish an undisputed fact, *Wright v. Vernon Compress Company,* 156 Tex. 474, 296 S.W.2d 517, 523 (1956); thus, a negative jury answer contrary to a fact conclusively established may be disregarded by the court, *Haddad v. Boon,* 609 S.W.2d 609, 614 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.), in favor of its finding of the fact established as a matter of law. *Clark v. Waggoner,* 452 S.W.2d 437, 439–40 (Tex.1970).

■■■ Applying these principles to the evidential record, we observe that the evidence of unallowed note credit to which Long refers is clearly referenced in the record to the $250,000 note and not to the $35,000 note. He does not mention any other evidence, and in our review of the record we detected none, that conflicts with the proved principal amount of the $35,000 note and accrued interest thereon uncredited with any payments. On this record, then, the sum due and owing on the $35,-000 note was conclusively established as $45,789.80 by mathematical calculation from the undisputed evidence; therefore, the court properly disregarded the jury's answer and found that amount was due and owing on the note as a matter of law. *Tennell v. Esteve Cotton Co.,* 546 S.W.2d 346, 357 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.). The fifth point is overruled.[5]

In seeking recovery on the July, 1979 and the April, 1980 notes, the bank included in its trial pleadings allegations that the corporation's property securing payment of the notes had been sold, and that "Long is entitled to a credit for the proceeds from the sales of such property after deductions ... of all taxes paid by Bank on the property sold." The bank specifically prayed for recovery of the sums due and owing on the two notes "less credit for proceeds received from the sale of property securing said note[s]," and generally prayed for such other and further relief to which it may be justly entitled. Long did not specially except to the pleadings to require the bank to specify the amount claimed. *See* Rule 47.

The court submitted special issue no. 9 inquiring of the amount, found by the jury to be $9,059.63, that the bank paid as ad valorem taxes on the corporation's property described in the 1979 and 1980 deeds of trust. Long did not object to the propriety of the issue at the time of its submission or in his motion for new trial, and he does not question the correctness of the jury's answer.

However, on appeal, Long has drafted his fourth point to charge the court with error in including the sum in the judgment on the theory that the bank failed to plead for the recovery of ad valorem taxes. The point is untenable.

■■■ By failing to furnish a record showing an objection to the submission of the issue for the reason now raised on appeal and an adverse ruling thereon, Long has waived the alleged error now presented. Rule 272; *Cogburn v. Harbour,* 657 S.W.2d 432 (Tex.1983). Furthermore, if the merits of the point were reached, we would hold that the bank's pleadings were sufficient, in the absence of a special exception, to support the claim for recovery of taxes paid. The allegations contain the claim for reimbursement of all taxes the bank paid on the property sold; the prayers for spe-

---

5. Our overruling the fifth point destroys the predicate for Long's ninth point. With the latter point, he contends that the court erred in rendering judgment for $3,500 found by the jury, in answering special issue no. 6, to be the reasonable attorney's collection fee provided for by the $35,000 note, because the answer conflicts with the jury's special issue no. 5 answer of "0.00" owed on the note, and argues that

there can be no recovery of attorney's fee without a recovery on the note. Since we have determined that the court correctly disregarded the jury's special issue no. 5 answer and found the bank's recovery on the note, there is, apart from the bank's insistence on another ground for recovery of the attorney's fee, no basis for the ninth point, and it is overruled.

cial and general relief are consistent with the allegations of the basis for the recovery sought. It follows that the bank's pleadings gave Long fair and adequate notice it also sought recovery of the ad valorem taxes it paid. Rule 47. *See Kissman v. Bendix Home Systems*, 587 S.W.2d 675, 677 (Tex.1979), and authorities there cited. The fourth point is overruled.

The July, 1979 note and the April, 1980 note each provided that "in the event default is made ... [and] suit is brought on same ... then the makers agree and promise to pay ten per cent (10%) additional on the amount of principal and interest *then owing*, as attorney's fees." (Emphasis added.) By separate issues for each note, the jury found a total amount of $404,-658.29 to be due and owing on the two notes at the time the suit was filed, and $259,407.72 to be due and owing at the time of judgment. Long does not challenge these findings, which are binding on appeal. *Adams v. American Quarter Horse Ass'n*, 583 S.W.2d 828, 833 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.).

Upon motion of the bank, the court included in its judgment the sum of $40,-465.82 for contractual attorney's fees. By his third point, Long contends the court erred in granting judgment for any sum in excess of the $3,500 reasonable attorney's fee found by the jury on the theory that the bank waived any attorney's fees not submitted to the jury. But, if not, then he contends with his tenth point that the additional sum of $40,465.82 awarded for attorney's fees is excessive for the work done. On this record, we are not persuaded to adopt either contention.

Arguing for waiver, Long cites *Wilie v. Montgomery Ward & Company*, 291 S.W.2d 432, 438 (Tex.Civ.App.—Waco 1956, no writ), in support of his contention that the bank waived any attorney's fees in excess of those found by the jury by failing to request a jury issue on any other amount. However, the *Wilie* court spoke to the necessity for a jury finding of the reasonable attorney's fee provided by statute and, therefore, the holding has no appli-

cation to the fee provided by contract in this cause. Parenthetically, we observe that the contractual attorney's fees here were calculated from the amounts due and owing at the time the suit was filed, as the notes provide, and not from the amounts unpaid at the time of judgment. Long does not challenge this method of calculation, nor do we consider it to be incorrect. *Bob Maxfield, Inc. v. American Motors Corp.*, 637 F.2d 1033, 1041 (5th Cir.), *cert. denied*, 454 U.S. 860, 102 S.Ct. 315, 70 L.Ed.2d 158 (1981). *See, also, Rosestone Properties, Inc. v. Schliemann*, 662 S.W.2d 49, 54 (Tex.App.—San Antonio 1983, writ ref'd n.r.e. Feb. 22, 1984).

At least since *Kuper v. Schmidt*, 161 Tex. 189, 338 S.W.2d 948, 950 (1960), it has been settled that the legal owner and holder of a promissory note is prima facie entitled to recover attorney's fees stipulated therein from the obligor upon the happening of the contingency which makes the note payable, unless the obligor makes a proper showing that the fee should be limited to an amount that is reasonable under the circumstances. *F.R. Hernandez Const. v. Nat. Bk. of Commerce*, 578 S.W.2d 675, 676–77 (Tex.1979). To make a proper showing that the stipulated fee should be reduced, the obligor must plead and prove, as an affirmative defense, that the contractual fee is unreasonable and a lesser amount that is reasonable under the circumstances. *Id.* at 677. An affirmative defense not pleaded is waived, *Land Title Co. of Dallas v. F.M. Stigler, Inc.*, 609 S.W.2d 754, 756 (Tex. 1980); and, in the absence of the defensive issue being affirmatively tendered by the obligor, it is not necessary for the legal owner and holder of the note to prove an agreement to pay the fee stipulated therein to an attorney or that the same is reasonable. *Kuper v. Schmidt, supra.*

Long neither pleaded nor proved that the contractual attorney's fees were unreasonable, nor did he adduce any evidence of reasonable fees under the circumstances, nor did he request an issue on reasonable attorney's fees. Consequently,

there was no fact issue as to the bank's entitlement to recover the attorney's fees stipulated in the notes, and the court properly allowed the bank a recovery for the undisputed amounts. *Id.* 338 S.W.2d at 951. The third and tenth points are overruled.

The judgment is affirmed.