Roberto FUENTES, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 04-87-00058-CV.

Court of Appeals of Texas, San Antonio.

May 11, 1988.

Dwain Downing, Del Rio, for appellant.

David V. Jones, W. Wendell Hall, San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CHAPA, JJ.

OPINION

ESQUIVEL, Justice.

This is an appeal from a granting of a motion for summary judgment and the entering of a take-nothing judgment against

a worker in his cause of action against the worker's compensation insurance carrier wherein the worker alleged a statutory cause of action, i.e.: an alleged violation of the TEX.INS.CODE ANN. art. 21.21 (Unfair Insurance Practices) and, in the alternative, a common law cause of action, i.e.: alleged unfair/bad faith settlement practices, by the carrier in its process of the worker's claim for compensation benefits due to an on the job injury because the carrier ceased paying the worker's medical and compensation benefits pending his appeal of the Industrial Accident Board's (IAB) award to the district court.

Shortly after having prevailed in his suit to set aside an award of the IAB for an on the job injury, appellant filed suit against the carrier, appellee Texas Employer's Insurance Association (TEIA), alleging in his original petition that TEIA had violated the provisions of art. 21.21 and the rules and regulations promulgated and adopted by the State Board of Insurance when TEIA terminated his compensation and medical benefits without just cause and in bad faith pending his appeal of the IAB's award to the district court. Appellant further alleged, in the alternative, a common law cause of action against TEIA for its alleged "unfair/bad faith settlement practices in the process of a worker's compensation claim and 'fraud'."

On January 23, 1986, the trial court announced, by letter to the attorneys, the granting of TEIA's motion for summary judgment in regards to appellant's statutory cause of action, and, further, that it was granting TEIA's special exception to appellant's common law cause of action and afforded appellant leave to amend his common law cause of action allegations before February 28, 1986. On February 27, 1986, appellant filed his first amended original petition alleging only a common law tort of a breach of duty of good faith and fair dealing in insurance contracts and constructive fraud by TEIA.

On October 27, 1986, the trial court announced, by letter to the attorneys, that it was sustaining TEIA's special exceptions to appellant's allegations of common law

fraud in his first amended original petition and again granted appellant leave to amend his petition on or before November 29, 1986, with the admonition that TEIA's motion for summary judgment would be granted "in toto" if appellant did not desire to amend. On December 29, 1986, the trial court signed and entered an order granting TEIA's motion for summary judgment and that appellant take nothing by his suit, resulting in this appeal.

■ In his initial point of error appellant contends that the trial court erred in granting TEIA's motion for summary judgment and dismissing his statutory cause of action brought under the provisions of art. 21.21. In support of his contention he argues that current cases allow such a cause of action and refers us to *Aetna Casualty & Surety Co. v. Marshall*, 724 S.W.2d 770 (Tex.1987). TEIA argues that appellant's reliance on *Aetna v. Marshall* is misplaced because appellant does not allege in his original petition or in his first amended original petition any misrepresentations to appellant by TEIA "which would arguably give rise to a claim under art. 21.21"; additionally, TEIA alleges that appellant's "stated theory was not cognizable under Texas law therefore summary judgment was appropriate."

The issue raised by appellant's initial point of error is whether appellant could bring a cause of action under the provisions of art. 21.21 for TEIA's actions in ceasing his compensation and medical benefits pending appellant's appeal of the IAB's award to the district court. The next issue raised by appellant's initial point of error is whether TEIA was entitled to summary judgment in appellant's purported statutory cause of action. We do not reach these issues because under the state of the record we conclude that appellant abandoned his statutory cause of action in the trial court and accordingly there is nothing before us on appeal concerning appellant's statutory cause of action.

There is nothing in the record which shows that a final or interlocutory judgment was entered on January 23, 1986. The letter of the same date from the judge

did not constitute a rendition of a final judgment by the court on appellant's statutory cause of action brought under the provisions of art. 21.21 and the rules of the State Board of Insurance. *See Irrigation Construction Co. v. Motheral Contractors*, 599 S.W.2d 336, 345 (Tex.Civ.App.—Corpus Christi 1980, no writ).

From the record it is clear that appellant abandoned his statutory cause of action when, on February 27, 1986, he filed his first amended original petition after having received the court's letter of January 23, 1986. Appellant's first amended original petition was a substitute for appellant's original petition, entire and complete in itself which withdrew appellant's statutory cause of action from the original petition. *See* TEX.R.CIV.P. 62. Appellant's original petition no longer could be regarded as part of the pleadings in the record of the cause when appellant's first amended original petition was filed. *See* TEX.R.CIV.P. 65. Appellant's point of error one is without merit and is overruled.

In his second point of error appellant contends that the trial court erred in sustaining TEIA's motion for summary judgment and dismissing his cause of action for common law breach of the duty of good faith and fair dealing. We disagree with appellant and overrule the point of error.

When special exceptions to pleadings are sustained a party may either amend his pleadings to meet exceptions or refuse to amend and test the validity of the trial court's ruling by appeal. *See Cameron v. University of Houston*, 598 S.W.2d 344, 345 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). Appellant has selected the latter route. Accepting as we must all of the allegations in appellant's pleadings as true, *see Wheeler v. White*, 398 S.W.2d 93, 95 (Tex.1965); *Benz–Stoddard v. Aluminum Company of America*, 368 S.W.2d 94, 96 (Tex.1963); *Anderson Dev. Corp. v. Coastal States Crude Gathering Co.*, 543 S.W.2d 402, 404 (Tex.Civ. App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.), a review of appellant's pleadings reveals that there is no factual basis to support his claim that TEIA's actions were a breach of the duty of good faith and fair dealing.

■ A cause of action exists for employees injured by an insurer's bad faith refusal or delay of payment; this cause of action exists separately from the workers' compensation statute, TEX.REV.CIV.STAT. ANN. art. 8306, *et seq.*, because it seeks award for an injury that is distinct from the original occupational injury. *Izaguirre v. Texas Employers' Insurance Association*, 749 S.W.2d 550 (Tex.App.—Corpus Christi, 1988). A workers' compensation claimant who asserts that a carrier has breached the duty of good faith and fair dealing by refusing to pay or delaying the payment of a claim must establish (1) the absence of a reasonable basis for delaying or denying payment of the benefits of the policy or (2) that the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim. *Aranda v. Insurance Company of North America*, 748 S.W.2d 210 (Tex.1988); *Arnold v. National County Mutual Fire Insurance Co.*, 725 S.W.2d 165 (Tex.1987); *Massey v. Armco Steel Co.*, 652 S.W.2d 932 (Tex.1983).

■ We hold that appellant's pleadings establish that TEIA had a reasonable basis for denying the claim. TEIA's denial of appellant's claim was based upon medical opinion which is a reasonable basis for denying payment. A reasonable insurer under similar circumstances would have denied appellant's claim. Appellant has failed to establish the first element of the cause of action for the breach of the duty of good faith and fair dealing. Appellant's pleadings fail to establish the second element of the cause of action; again, appellant's pleadings establish that TEIA had a reasonable basis for denying the claim.

■ We further hold that TEIA was not subject to liability for the denial of appellant's claim, even if the denial was erroneous. It is stated in *Aranda*, 748 S.W.2d at 212 that "carriers will maintain the right to deny invalid or questionable claims and will not be subject to liability for an erroneous denial of a claim." It is apparent from appellant's pleadings that the denial of ap-

pellant's claim was based on TEIA's reliance on a medical opinion from which TEIA could reasonably assume appellant's claim to be invalid or questionable. The point of error is overruled.

The judgment of the trial court is affirmed.