**Waldo DAVILA, Jr., Appellant,**

v.

**Joseph LOCKWOOD and International Paper Company, Appellees.**

No. 13–95–104–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 5, 1996.

Aaron Pena, Jr., Edinburg, David H. Jones, Pharr, for appellant.

Richard R. Brann, Matthew P. Eastus, Claudia Wilson Frost, Macey Reasoner

Stokes Baker & Botts, Houston, Eduardo R. Rodriguez, Rodriguez, Colvin & Chaney, Brownsville, for appellees.

Before DORSEY, FEDERICO G. HINOJOSA, Jr., and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

Waldo Davila, Jr., a former employee of International Paper Company ("International"), appeals from an adverse summary judgment in his suit against International and its owner, Joseph Lockwood, for discriminatory and retaliatory discharge. We affirm.

## BACKGROUND AND FACTS

Davila began working for International in February 1991. Four months into his employment, Davila injured his shoulder while on the job, and filed a worker's compensation claim. Four days after his injury, Davila returned to work on light duty. On May 17, 1991, Davila informed Lockwood that he was going to give him a written two-week notice of his resignation. On May 20, 1991, seven days after his injury, Davila officially tendered the notice. On May 31, Davila's employment with International ended.

On May 25, 1993, Davila filed suit against International for. wrongful discharge under Article 8307c of the Texas Revised Civil Statutes—Texas Workers' Compensation Act[1]— and for intentional infliction of emotional distress alleging that he had been constructively discharged in retaliation for filing a worker's compensation claim. Lockwood and International moved for summary judgment on the basis that Davila's 8307c claim was barred by limitations and that the evidence conclusively established the absence of any genuine issues of material fact regarding the claims for wrongful discharge and intentional infliction of emotional distress.

The trial court granted the motion without specifying which of International's arguments it favored, and entered a take nothing judgment. Davila appeals the trial court's entry of summary judgment by a single point of error.

## SUMMARY JUDGMENT

Summary judgment is proper when the movant shows by uncontroverted or conclusive summary judgment evidence that no issue of material fact exists and that he is entitled to judgment as a matter of law. In deciding whether a disputed material fact issue precludes summary judgment, a reviewing court will take as true all evidence favorable to the nonmovant and will indulge all reasonable inferences and resolve all doubts in the nonmovant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). When a defendant moves for summary judgment, he must show that no genuine issue of fact exists as to one or more of the essential elements of the plaintiff's cause of action, *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970), or that an affirmative defense is established as a matter of law. *Munoz v. Gulf Oil Co.*, 693 S.W.2d 372, 373 (Tex.1984) (*citing City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979)).

## STATUTE OF LIMITATIONS

Lockwood and International first asserted the defense of limitations and argued that Davila's claim for violation of an Article 8307c claim is barred as a matter of law. Because a suit for violation of 8307c must be filed within two years from the date the cause of action accrues, *Johnson & Johnson Medical, Inc. v. Sanchez*, 924 S.W.2d 925, 927–28 (June 14, 1996), Lockwood and International were required to show that Davila's suit was not filed within two years of the accrual of his 8307c claim. *Id.*

In a suit for wrongful termination under Article 8307c, "the limitations period will commence when the employee receives unequivocal notice of his termination or when a reasonable person would know of his termination." *Id.* (*quoting Thurman v. Sears, Roebuck & Co.*, 952 F.2d 128, 134 (5th Cir.),

---

1. Act of August 30, 1971, 62nd Leg., R.S., ch. 115, 1971 Tex.Gen.Laws 884, *repealed by* Act of September 1, 1993, 73rd Leg., R.S., ch. 269 § 1, 1993 Tex.Gen.Laws 987 (current version Tex.Labor Code Ann. § 451.001 et seq. (Vernon Supp. 1995)).

cert. denied, 506 U.S. 845, 113 S.Ct. 136, 121 L.Ed.2d 89 (1992)); (*also citing Luna v. Frito–Lay, Inc.,* 726 S.W.2d 624, 628 (Tex. App.—Amarillo 1987, no writ) (noting "that accrual of an action for termination of employment under federal statutes occurs when the employee is informed that his employment will be terminated, not when it actually is terminated")).

■ In the present case, Lockwood and International did not give Davila "unequivocal notice of his termination." Rather, Davila claims that he felt compelled to resign and was "constructively discharged." Under Texas law, constructive discharge occurs when an employer makes conditions so intolerable that an employee reasonably feels compelled to resign. *Hammond v. Katy Indep. Sch. Dist.,* 821 S.W.2d 174, 177 (Tex. App.—Houston [14th Dist.] 1991, no writ.).

The San Antonio Court of Appeals recently considered a similar limitations scenario in a suit involving a wrongful termination claim based on the *Sabine Pilot* [2] exception to the Texas employment-at-will doctrine. In keeping with *Sanchez,* the court held that an employee's cause of action accrued on the date on which the employee gave written notice of his resignation even though he continued to work and received a salary after that date. *Stroud v. VBFSB Holding Corp.,* 917 S.W.2d 75, 80–81 (Tex.App.—San Antonio 1996, writ requested) (*citing Delaware State College v. Ricks,* 449 U.S. 250, 256, 101 S.Ct. 498, 503, 66 L.Ed.2d 431 (1980) (holding that professor's cause of action for wrongful denial of tenure accrued on the date when tenure was denied, not on last date of employment); *[and] Chardon v. Fernandez,* 454 U.S. 6, 8, 102 S.Ct. 28, 29, 70 L.Ed.2d 6 (1981) (emphasizing that "proper focus is on the time of the *discriminatory act,* not the point at which the *consequences* of the act become painful") (emphasis in original)).

The following deposition testimony provided by Davila is evidence of the moment Davila perceived that conditions were so intolerable that he felt compelled to resign:

Q: So the piece of paper there that is Exhibit 2 [the note dated May 20, 1991] is a copy of your two-week notice?

Davila: Yes.

Q: And so by—you had decided when you gave that two-week notice that you were going to quit?

Davila: Yes.

Q: Is it fair to say that by the time you turned in your resignation to [your supervisor] [May 20, 1991] ... you felt that you were mistreated enough that you were just going to quit?

Davila: Yes.

We find that Davila's cause of action accrued on May 20, 1991. Conceivably, if Lockwood's deposition testimony is accepted as true, Davila's cause of action accrued on May 17 when Davila orally informed Lockwood that he was resigning. Nevertheless, certainly by May 20, 1991, Davila had decided that conditions were so intolerable that he felt compelled to resign. This is the date Davila became aware of his termination, albeit a constructive termination.

Appellees properly carried their burden of proving that Davila did not file his suit within two years of the accrual of his 8307c claim, and thus, did not meet the two-year statute of limitations.

Since the trial court could have properly granted summary judgment on appellees' limitations defense, we overrule Davila's point of error without considering the other possible grounds for summary judgment. Tex.R.App.P. 90(a).

We AFFIRM the trial court's judgment.

---

2. *Sabine Pilot Serv., Inc. v. Hauck,* 687 S.W.2d 733 (Tex.1985) (a cause of action for wrongful discharge when an employee is dismissed for refusing to perform an illegal act).