Long Ba "David" NGUYEN and
Lan Phuong Ngoc Huynh,
Appellants,

v.

TECHNICAL AND SCIENTIFIC APPLI-
CATION, INC. d/b/a T.S.A., and William
C. Smith, Individually, Appellees.

No. 01–98–00094–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 12, 1998.

Michael David Lore, Houston, for Appellants.

William S. Helfand, Kevin D. Jewell, Houston, for Appellees.

Before Justices COHEN, HEDGES, and TAFT.

## OPINION

COHEN, Justice.

The issue in this case is whether an employee who is constructively discharged, but not fired, may sue for wrongful termination under the *Sabine Pilot* exception to the em-

ployment-at-will doctrine.[1] We hold the employee may do so. Therefore, we reverse the summary judgment and remand the cause.

## Facts

In late 1996, Nguyen worked as a network engineer for TSA. He was ordered to load certain software onto personal computers. Nguyen believed this violated federal criminal copyright laws and refused to do it.[2] He was told that if he did not load the software, he would receive a pay cut. Nguyen was then transferred to the lab, a position he held when he first began work at TSA. He considered the transfer a demotion. In February 1997, Nguyen sent a resignation letter to TSA, stating that because he refused to load software illegally, he was humiliated, harassed, and tormented to the point that working at TSA was intolerable.

## Procedural Background

Appellants sued, alleging wrongful termination. Appellees filed special exceptions, asserting that *Sabine Pilot* allowed relief only for firing, not for constructive discharge. The trial judge granted the special exception, struck the wrongful termination claim, and allowed appellants to amend. Appellees then moved for summary judgment, asserting *Sabine Pilot* did not apply to constructive discharges. Appellants' second amended petition alleged Nguyen was wrongfully "discharged, as that term is defined and understood under Texas law." The trial judge granted summary judgment.

## Analysis

 Appellants contend the judge erred because the *Sabine Pilot* exception protects an employee constructively discharged for refusing to commit a crime. We follow the usual standard of review. TEX.R. CIV. P. 166a(c); *Sabine Pilot Serv., Inc. v. Hauck,* 687 S.W.2d 733, 734 (Tex.1985).

 In Texas, employment for an indefinite term generally may be terminated at will and without cause. *East Line & R.R. Co. v.*

*Scott,* 72 Tex. 70, 75, 10 S.W. 99, 102 (1888). However, an employee may sue if he was discharged solely for refusing to perform an illegal act. *Sabine Pilot,* 687 S.W.2d at 735. "That narrow exception covers only the discharge of an employee for the sole reason that the employee refused to perform an illegal act." *Id.*

Nguyen asserts that he falls within the *Sabine Pilot* exception because he was constructively discharged. Appellees assert the *Sabine Pilot* exception applies only to employees who are actually fired. A sister court has called this an issue of first impression in Texas. *Stroud v. VBFSB Holding Corp.,* 917 S.W.2d 75, 80 (Tex.App.—San Antonio 1996, writ denied).

 A constructive discharge occurs when an employer forces the employee to quit by making work conditions intolerable. *Hammond v. Katy Indep. Sch. Dist.,* 821 S.W.2d 174, 177 (Tex.App.—Houston [14th Dist.] 1991, no writ). The constructive discharge doctrine originated in unfair labor practice cases. *Id.* It is a legal substitute for the discharge element in discrimination cases under Title VII of the Civil Rights Act of 1964. *Id., citing Junior v. Texaco, Inc.,* 688 F.2d 377, 378 n. 3 (5th Cir.1982).

Several statutes prohibit the discharge of employees in certain circumstances. Even though no statute specifically allows relief for a *constructive* discharge, several courts have assumed that a constructive discharge would satisfy the discharge requirement of these statutes. *See, e.g., City of Beaumont v. Bouillion,* 896 S.W.2d 143, 145 (Tex.1995) (court presumed constructive discharge would violate Texas Whistleblower Act prohibition against "suspension, discharge, or discrimination" against an employee for reporting a violation of the law, but ruled against employee on other grounds); *Passons v. University of Texas,* 969 S.W.2d 560, 562 (Tex.App.—Austin 1998, no pet.) (court equated "constructive discharge" with the "discharge" element of TEX. LAB.CODE ANN. § 21.051 (Vernon 1996), but ruled for em-

---

1. *See Sabine Pilot Serv., Inc. v. Hauck,* 687 S.W.2d 733 (Tex.1985).

2. Copyright Act, 17 U.S.C.A. § 101, *et seq.* Whether TSA actually violated copyright laws is not at issue on appeal.

ployee on other grounds); *Davila v. Lockwood,* 933 S.W.2d 628, 630 (Tex.App.—Corpus Christi 1996, no pet.) (court assumed constructive discharge satisfied discharge requirement under TEX. LAB.CODE ANN. § 451.001 prohibiting discharge for filing worker's compensation claims, but ruled against employee on other grounds). Another court assumed a constructive discharge would violate a contract that promised the employee could be fired only for cause. *See Brown v. Montgomery County Hosp. Dist.,* 929 S.W.2d 577 *passim* (Tex.App.—Beaumont 1996, no pet.) (summary judgment reversed because fact issue as to whether employee was constructively discharged and whether oral employment contract existed).

We recognize the *Sabine Pilot* exception to the employment-at-will doctrine is narrow. *Sabine Pilot,* 687 S.W.2d at 735. However, we doubt the Texas Supreme Court intended to permit employers to avoid liability by coercing resignations from, rather than firing, their employees who refused to break the criminal law. We hold that the *Sabine Pilot* exception to the employment-at-will doctrine applies to employees who are constructively discharged for the sole reason that they refuse to commit a crime.

Appellees assert it is not our station to create new common-law causes of action. We are not creating a new cause of action. That was done fourteen years ago by the Beaumont Court of Appeals in *Hauck v. Sabine Pilots, Inc.,* 672 S.W.2d 322. Because the Texas Supreme Court affirmed that landmark decision, we are now interpreting that precedent. *Sabine Pilot,* 687 S.W.2d at 734. The action of the Beaumont Court of Appeals demonstrates that in this regard intermediate appellate courts are not powerless.

### Abandonment of Claim

■ Appellees assert the summary judgment should be affirmed because the amended petition did not contend Nguyen was constructively discharged. We disagree.

Appellants' original petition asserted Nguyen was constructively discharged in violation of *Sabine Pilot.* The trial judge granted appellees' special exception and ruled that *Sabine Pilot* did not apply to a constructive discharge. In response, appellants filed a second amended petition alleging that, because Nguyen repeatedly refused to copy software, "he was harassed, humiliated, ridiculed, tormented, isolated, demoted and ultimately discharged, as that term is defined and understood under Texas law," and that appellees' acts "were clearly calculated to terminate Nguyen's employment," which "was terminated by his involuntary resignation...." That states a claim for constructive discharge.[3]

### Insufficient Facts

Appellees assert that appellants failed to allege facts showing constructive discharge. Appellees did not assert this point in their summary judgment; thus, we need not consider it. *McConnell,* 858 S.W.2d at 341. We have held above, however, that the amended petition stated a claim for constructive discharge.

We sustain appellants' sole issue presented for review.

We reverse the judgment and remand the cause.

---

3. Appellees rely on *Fuentes v. Texas Employers' Ins. Ass'n,* 757 S.W.2d 31 (Tex.App.—San Antonio 1988, no writ), and *Long v. Tascosa Nat'l Bank of Amarillo,* 678 S.W.2d 699 (Tex.App.—Amarillo 1984, no writ), for the proposition that appellants waived their constructive discharge claim. In *Fuentes* and *Long,* however, the amended petitions deleted all reference to the claims attacked by special exceptions. *Fuentes,* 757 S.W.2d at 33; *Long,* 678 S.W.2d at 703–04. Appellants did not delete their *Sabine Pilot* claim from their amended petition. They complained of "involuntary resignation" and alleged facts supporting a constructive discharge claim under *Sabine Pilot,* asserting Nguyen was discharged "as that term is defined and understood under Texas law."