Dismissed in Part, Reversed and Rendered in Part, and Majority and Dissenting Opinions filed February
4, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00017-CV



physio gp,
inc., physio, ltd., Tanja Saadat, and Shawn Saadat, Appellants

v.

Natalie Naifeh,
Appellee 



On Appeal from
the 295th District Court

Harris County, Texas

Trial Court
Cause No. 2006-48316



 

MAJORITY OPINION

Appellants Tanja Saadat and Shawn Saadat appeal[1] the trial
court’s judgment holding them individually liable for firing appellee Natalie
Naifeh for the sole reason that she refused to perform an illegal act.  See
Sabine Pilot Serv., Inc. v. Hauck, 687 S.W.2d 733, 735 (Tex. 1985). 
Because we hold that the Sabine Pilot doctrine should not be extended to
impose liability on individual employees rather than the plaintiff’s employer,
we reverse and render. 

BACKGROUND

Physio GP, Inc. and
Physio, Ltd. (collectively “Physio”) operated an occupational and physical
therapy clinic.  The Saadats own Physio.  Naifeh began working for Physio in
2003 as a therapist and was fired in 2005.  The reason for her termination is
the crux of this litigation.  Naifeh claims that Tanja Saadat was consistently falsifying
Naifeh’s patient treatment documents to include additional services that were not
performed and thereby obtain higher payments from insurers.  Naifeh repeatedly refused
to sign these altered treatment documents and was eventually fired.  The
Saadats assert they fired her for various performance infractions, including
unauthorized treatment on a patient and misuse of company time.  Naifeh claims
these reasons were manufactured in an attempt to cover up terminating her for
refusing to sign off on fraudulent paperwork, which she claims was unethical
and illegal under 18 U.S.C. § 1035 (2006).[2]


Naifeh sued Physio and the Saadats alleging wrongful
termination against all defendants and that the Saadats were the alter egos of
Physio.[3] 
The trial court granted summary judgment to the Saadats as to alter ego.[4]  When the
case was called for trial, the defendants appeared and stated that they were
not going to defend the case any further, based on lack of resources to pay
their attorney.  The case proceeded to a bench trial, and the trial court found
that Naifeh was fired solely for refusing to perform an illegal act.  The trial
court assessed damages and attorney’s fees against all defendants jointly and
severally and exemplary damages separately against Physio, Ltd., Tanja Saadat,
and Shawn Saadat.  The Saadats now appeal.

ANALYSIS

In their first issue,
the Saadats argue that the trial court erred in holding them personally liable
for the Sabine Pilot violation.  Naifeh argues, and the trial court
agreed, that in a corporate setting, individuals can be personally liable for their
own torts, including wrongful discharge under Sabine Pilot.  We review a
trial court’s legal conclusions de novo.  BMC Software Belguim, N.V. v.
Marchand, 83 S.W.3d 789, 794 (Tex. 2002).

Texas is an employment at will state, meaning that
employment contracts can be terminated at will by either party unless they have
bargained otherwise.  See Fed. Express Corp. v. Dutschmann, 846 S.W.2d
282, 283 (Tex. 1993); see also Armijo v. Mazda Int’l, No.
14-03-00365-CV, 2004 WL 1175335, at *3 (Tex. App.—Houston [14th Dist.] May 27,
2004, pet. denied) (mem. op.) (holding that an employment at will agreement is
an enforceable contract until terminated by either party).  The one common-law
exception to the employment at will doctrine is set forth in Sabine Pilot: 
an employer cannot fire an employee for the sole reason of refusing to perform
an illegal act.  687 S.W.2d at 735.  The Texas Supreme Court created this tort
to promote the public policy of preventing an employee from being forced to
choose between keeping his job and facing criminal liability.  See Winters
v. Houston Chronicle Publ’g Co., 795 S.W.2d 723, 724 (Tex. 1990); Sabine
Pilot, 687 S.W.2d at 735.  The issue of whether an individual, as opposed
to the employer, can be held personally liable for a Sabine Pilot
violation appears to be an issue of first impression in Texas.  Neither party
identified any cases that are on point to this issue, either in the trial court
or in this court.[5] 
However, several other states have addressed the issue of individual liability
under their version of a tort of wrongful discharge in violation of public
policy.

Some states allow individual liability, reasoning
that individuals are liable for their own torts, even agents acting on behalf
of their employers.  See, e.g., Jasper v. H. Nizam, Inc., 764
N.W.2d 751, 775–76 (Iowa 2009); Ballinger v. Del. River Port Auth., 800
A.2d 97, 110–11 (N.J. 2002); Harless v. First Nat’l Bank in Fairmont,
289 S.E.2d 692, 698–99 (W. Va. 1982).  According to their logic, employees can
therefore be liable for a Sabine Pilot violation the same as any other
tort.  See, e.g., Jasper, 764 N.W.2d at 775–76; Ballinger,
800 A.2d at 110–11; Harless, 289 S.E.2d at 683–85.  They further reason
that individual liability promotes deterrence and better decision making because
it allows the active wrongdoer to be held directly responsible.  See Borecki
v. E. Int’l Mgmt. Corp., 694 F. Supp. 47, 59 (D.N.J. 1988); Jasper,
764 N.W.2d at 776.

We disagree with this analysis and are persuaded by
the courts holding that individual liability is inappropriate in such
circumstances.  The employment relationship is the source of the duty in
wrongful discharge torts such as Sabine Pilot.  See Miklosy v.
Regents of Univ. of Cal., 188 P.3d 629, 644–45 (Cal. 2008); Schram v.
Albertson’s, Inc., 934 P.2d 483, 490–91 (Or. Ct. App. 1997).  The
employment relationship exists only between the employer and employee, not
between two employees, even when one of those employees is a supervisor or even
the owner.  See Miklosy, 188 P.3d at 644–45; Buckner v. Atl. Plant
Maint., Inc., 694 N.E.2d 565, 569 (Ill. 1998); Schram, 934 P.2d at
490–91.  Only the employer has the power to hire and fire, and supervisors
merely exercise that power on the employer’s behalf.  See Miklosy, 188
P.3d at 644–45; Smith v. Waukegan Park Dist., 896 N.E.2d 232, 235–36
(Ill. 2008); Schram, 934 P.2d at 490.  Corporate employees cannot, in
their personal capacity, wrongfully discharge an employee because they have no
personal authority to fire an employee.  See Miklosy, 188 P.3d at 644; Smith,
896 N.E.2d at 235–36; Schram, 934 P.2d at 490–91.  Furthermore,
individual liability is not necessary to promote deterrence because liable
employers will likely take their own measures to deter agents or employees from
wrongfully exercising termination authority.  See Buckner, 694
N.E.2d at 570.  Fear of financial responsibility for a potential lawsuit could discourage
supervisors from terminating employees in legitimate situations.  Cf. Reno
v. Baird, 957 P.2d 1333, 1347 (Cal. 1998) (analyzing supervisor liability
under state discrimination statute).  Moreover, it can be difficult to
determine—or limit in scope—the individuals who might be held accountable for a
decision to terminate.  This is particularly true in a corporate environment
involving group evaluation of employees and collective decisionmaking for
terminations.  See id. at 1346–47.

Naifeh argues, and the trial court found, that
liability is appropriate because individuals are liable for their own torts in
the corporate setting.  See Walker v. Anderson, 232 S.W.3d 899, 918
(Tex. App.—Dallas 2007, no pet.); Ennis v. Loiseau, 164 S.W.3d 698, 707
(Tex. App.—Austin 2005, no pet.).  However, these cases involve torts such as
fraud that can be committed by an individual.[6] 
See Ennis, 164 S.W.3d at 700–01.  The purpose of individual liability in
the corporate setting is to prevent an individual from using the corporate
structure or agency law as a blanket to insulate himself from liability for his
otherwise tortious conduct.  See Walker, 232 S.W.3d at 919.  But only an
employer can wrongfully terminate the employment relationship, so the
individual’s conduct logically could not be otherwise tortious.  See Miklosy,
188 P.3d at 644–45; Buckner, 694 N.E.2d at 570; Schram, 934 P.2d
at 490–91.  Moreover, Sabine Pilot is an extremely specific and narrow
exception to the employment at will doctrine, and both the Texas Supreme Court
and this court have consistently rejected attempts to expand its scope.  See
Ed Rachal Found. v. D’Unger, 207 S.W.3d 330, 332–33 (Tex. 2006); Mayfield
v. Lockheed Eng’g & Scis. Co., 970 S.W.2d 185, 187–88 (Tex. App.—Houston
[14th Dist.] 1998, pet. denied); see also Buckner, 694 N.E.2d at
568.  Naifeh has a remedy against Physio,[7]
and expanding Sabine Pilot to impose individual liability against the
Saadats is more appropriately the task of the Texas Supreme Court or the Texas
Legislature.  See Ed Rachal, 207 S.W.3d at 333; Melendez v. Exxon
Corp., 998 S.W.2d 266, 273 (Tex. App.—Houston [14th Dist.] 1999, no pet.); Mayfield,
970 S.W.2d at 188.

Absent a finding of alter ego, we conclude that the
trial court erred in finding that the Saadats were personally liable on
Naifeh’s Sabine Pilot claim.  We sustain the Saadats’ first issue.  We
need not reach the Saadats’ other two issues, which challenge the validity of a
Sabine Pilot claim in these circumstances on other grounds.  We reverse
the trial court’s judgment against the Saadats and render judgment that Naifeh
take nothing against them. 

                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

Panel consists of Justices Yates and Sullivan
and Senior Justice Hudson (dissenting).*

 

 

* Senior Justice J. Harvey Hudson,
sitting by assignment.









[1]
Physio GP, Inc. and Physio, Ltd. filed a notice of appeal but did not file
briefs or otherwise pursue their appeal.  Therefore, we dismiss their appeal
for want of prosecution.  Tex. R. App.
P. 42.3(b).





[2]
Section 1035 criminalizes behavior relating to, among other things, false
statements regarding health care made in connection with the payment for health
care benefits.





[3]
Naifeh also alleged that the Saadats tortiously interfered with her employment
contract with Physio, but no issue regarding that claim has been brought in
this appeal.





[4]
Naifeh has not challenged on appeal the trial court’s summary judgment on her
alter ego allegation.





[5]
Naifeh argues that two cases from the First Court of Appeals “suggest that an
individual can be liable for wrongful termination in violation of Sabine
Pilot without the necessity of showing that the individual was the alter
ego of the company,” citing University of Texas Medical Branch v. Hohman,
6 S.W.3d 767 (Tex. App.—Houston [1st Dist.] 1999, pet. dism’d w.o.j.) and Nguyen
v. Technical & Scientific Application, Inc., 981 S.W.2d 900 (Tex.
App.—Houston [1st Dist.] 1998, no pet.).  In Hohman, the only mention of
Sabine Pilot is in the court’s holding that government officials cannot
be sued in their official capacity because of sovereign immunity.  See 6
S.W.3d at 777.  The only issue in Nguyen was whether an employee who was
constructively discharged rather than fired could still bring a Sabine Pilot
claim.  See 981 S.W.2d at 900–01.  The court does not discuss individual
liability at all.  We see nothing in either of these cases suggesting that
individual liability would be appropriate in a Sabine Pilot case.





[6]
We note that the Saadats may have been subject to individual liability under
Texas law pursuant to more traditional legal theories.  However, for reasons
that are unclear, Naifeh chose to pursue their individual liability only under
a Sabine Pilot theory.





[7]
Indeed, Naifeh actually has a judgment against Physio.